**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 18-10438

United States Court of Appeals
Fifth Circuit

**FILED**
January 28, 2019

Lyle W. Cayce
Clerk

MARILY FLORES,

        Plaintiff - Appellant

v.

TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER,

        Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-199

Before HIGGINBOTHAM, ELROD, and HO, Circuit Judges.

PER CURIAM:*

      Marily Flores formerly attended Texas Tech University Health Sciences Center (TTUHSC) as a scholarship student; she alleges that TTUHSC wrongfully dismissed her from its physician assistant program on account of her disability. Flores suffers from a "complicated ADD/ADHD, processing speed, and dyslexia diagnosis." To accommodate her condition, TTUHSC arranged for Flores to take her exams at a special facility in El Paso, Texas,

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10438

where she could benefit from extended time and specially trained proctors. During an exam, Flores left her cell phone in her pocket, which was against the rules. Rather than inform a proctor, she proceeded to take it out. Flores alleges that her behavior was prompted by her disability which caused her to become "overwhelmed." The proctors, however, concluded that she was cheating and reported it. The program director elected to file misconduct charges and the matter proceeded to a hearing at Flores's request.

Flores takes issue with how TTUHSC conducted its inquiry. She alleges that by questioning her at the test site and during the hearing, TTUHSC compromised her ability to defend herself since her disability makes her easily flustered. She contends that TTUHSC should have accommodated her throughout the process and that its failure to do so was a violation of her rights under both Title II of the Americans with Disabilities Act and the Rehabilitation Act. She filed suit under both statutes, but the district court dismissed her claims. It ruled that Flores' Title II claim was barred by sovereign immunity and that she failed to state a valid claim under the Rehabilitation Act. Flores requested leave to amend her complaint. It too was denied.

We have carefully reviewed the briefs, the applicable law, and the relevant parts of the record, and heard oral argument. The district court committed no reversible error. For the same reasons Flores failed to state a valid claim under the Rehabilitation Act, she also failed to state a valid claim under Title II of the ADA. The defects in her pleadings could not be corrected by an opportunity to amend. As such, we affirm the dismissal of both her claims for failure to state a claim and do not reach the question of sovereign immunity.

The judgment is AFFIRMED.